Lawrence MOORE, Appellee,

v.

STATE of Tennessee, Appellant.

Supreme Court of Tennessee.

April 28, 1997.

Mark E. Stephens, Public Defender, Paula R. Voss, Assistant Public Defender, Knoxville, For Appellee.

John Knox Walkup, Attorney General and Reporter, Michael E. Moore, Solicitor General, Gordon W. Smith, Associate Solicitor General, Nashville, Randall E. Nichols, District Attorney General, Zane Scarlett, Assistant District Attorney General, Knoxville, for Appellant.

## OPINION

BIRCH, Chief Justice.

In 1994, Lawrence Moore, the petitioner, filed a *pro se* petition for habeas corpus relief alleging that his 1983 convictions for robbery and kidnapping violated his due process rights under the state constitution. Treating the petition as one for post-conviction relief, the trial court concluded that the statute of limitations barred consideration of the claim and dismissed the petition. The Court of Criminal Appeals found that the petition raised a claim under *State v. Anthony*, 817 S.W.2d 299 (Tenn.1991). In addition, the intermediate court held that *Anthony* announced a new constitutional rule that applied retroactively, and therefore, under *Burford v. State*, 845 S.W.2d 204 (Tenn.1992), and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), Moore's petition was timely. We granted the State's application for permission to appeal.

After granting the State's application, we released our opinion in *State v. Denton*, 938 S.W.2d 373 (Tenn.1996). In *Denton*, we held that *Anthony* did not announce a new constitutional rule:

Prior to *Anthony*, there were two lower court opinions that applied the same rule. *See Brown v. State*, 574 S.W.2d 57 (Tenn. Crim.App.1978) and *State v. Rollins*, 605 S.W.2d 828 (Tenn.Crim.App.1980). Further, although there was a dearth of direct Tennessee case law on the issue, numerous other jurisdictions had addressed the relationship between kidnapping and other felonies that characteristically involved some detention of the victim. While the case law from other state jurisdictions does not constitute "precedent" within the Meadows/Teague rule, such analyses of the issue were widespread and represented a body of persuasive authority available to the petitioner. In light of the previous inter-

mediate court opinions, we hold that *Anthony* did not announce a new rule.

*Id.* at 377. Because *Anthony* did not announce a new constitutional rule, it does not constitute a "later-arising" ground for relief under *Sands.* Consideration of Moore's petition is barred by the statute of limitations. Tenn.Code Ann. § 40–30–102 (1990).

The judgment of the Court of Criminal Appeals is reversed, and the petition is dismissed.

DROWOTA, ANDERSON, REID and HOLDER, JJ., concur.